# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:14-CR-136- |
| | § | SDJ-CAN |
| ROBERT AARON GREEN (1) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Robert Aaron Green's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 1, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson of the Federal Public Defender's Office. The Government was represented by Ernest Gonzalez.

Defendant was sentenced on November 4, 2015, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offenses of Count 1: Conspiracy to Commit Bank Fraud, a Class B felony and Count 6: Aggravated Identity Theft, a Class E Felony. These offenses carried a statutory maximum imprisonment term of 30 years and 2 years, respectively. The guideline imprisonment range, based on a total offense level of 26 and a criminal history category of IV, was 92 to 115 months. Defendant was subsequently sentenced to 116 months imprisonment (92 months on Count 1 and 24 months on Count 6) followed by a 5-year term of supervised release. The term of supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure; no new credit; gambling prohibition; substance abuse testing and treatment; mental health treatment and acquire GED. On May 23, 2017, his sentence was reduced to 78 months imprisonment. On November 16, 2020, Defendant completed his period of imprisonment and began service of the supervision term. He is also serving

a 48-month term of supervised release for the District of Utah. He is currently in custody in Utah on a supervised release violation for the same conduct.

On February 8, 2021, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 605, Sealed]. The Petition asserts that Defendant violated four (4) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance; (3) The shall not leave the judicial district without the permission of the Court or probation officer; and (4) The defendant shall pay the restitution as previously ordered by the Court [Dkt. 605 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On or about January 21, 2021, in Cuhayoga County, Ohio, Defendant committed the offense of Receiving Stolen Property, a felony in the fifth degree, contrary to Ohio State Statute ORC 2913.51, case number CR-21-656263-C. On or about January 21, 2021, in Lorain County, Ohio, Defendant committed the offense of Misuse of Credit Card, contrary to Ohio State Statute 2913.21B2, case number CRA2100036A. On or about January 21, 2021, in Lorain County, Ohio, Defendant committed the offense of Theft without Consent, contrary to Ohio State Statute 2913.02A1, case number CRA2100036A. On or about January 21, 2021, in Lorain County, Ohio, Defendant committed the offense of Criminal Damaging, contrary to Ohio State Statute 2913.21B2, case number CRA2100036A. On or about January 21, 2021, in Lorain County, Ohio, Defendant committed the offense of Theft from a Motor Vehicle, contrary to Ohio State Statute 2913.21B2, case number CRA2100036A; (2) On December 23, 2020, Defendant submitted a urine specimen, which tested positive for marijuana. The specimen was confirmed positive by the national testing

laboratory; (3) On or about January 21, 2021 Defendant traveled to Ohio without permission of his U.S. Probation Officer, as evidenced by his arrest in Ohio; and (4) On November 4, 2015, Defendant was ordered to pay $232,089.31 in restitution. He has not fulfilled this obligation, as he has not made any restitution payments [Dkt. 605 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to allegations 2 through 4 of the Petition. The Government dismissed the remaining allegation, specifically allegation 1. Having considered the Petition and the plea of true to allegations 2 through 4, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkt. 616].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of ten (10) months, to run concurrently with any term imposed in District of Utah Cause No. 2:12-CR-128(3), with a term of supervised release of fifty (50) months to follow.

The Court further recommends the imposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments and employment; (2) You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full; (3) You must not participate in any form of gambling unless payment of any financial obligation ordered by the Court has been paid in full; (4) You must participate in a program of testing and treatment for drug abuse and follow

the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (5) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program, until discharged. This includes taking any prescription medication that is prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (6) You must acquire a high school equivalency certificate; and (7) You must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and must observe the rules of that facility. Should you obtain a residence approved by the probation officer during the 180-day placement, you must be released.

The Court also recommends that Defendant be housed in the FFC Coleman (specifically FCI Coleman Medium) Bureau of Prisons facility in Florida, if appropriate.

**SIGNED this 19th day of July, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE